IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS VEASLEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:21-cv-1545 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| WARDEN ALLEGHENY COUNTY JAIL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Before the Court[1] is the Amended Petition for a Writ of Habeas Corpus filed by Curtis Veasley ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF 3). For the reasons set forth below, the Court will deny the Amended Petition because it is moot and close this case.

**I.  Relevant Background**

In 2013, Petitioner was sentenced in the United States District Court for the Western District of Pennsylvania to a term of incarceration of 151 months, to be followed by three years of supervised release, for distribution and/or possession with intent to distribute less than 100 grams of a mixture and substance containing detectable amounts of heroin in violation of 21 U.S.C. §§ 841(a)(1), (B)(1)(C); possession with intent to distribute less than 28 grams of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack in violation of 21 U.S.C. §§ 841(a)(1), (B)(1)(C); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*See* ECF 15 at 3.) Petitioner was transferred to the custody of the Federal Bureau of Prisons ("BOP") and his projected release date was set at April 21, 2022

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

(assuming he received all the good time available to him). (Resp's Ex. 1, 2/17/22 Decl. of Christina Clark, ECF 15-1 at 2; Resp's Ex. 1A, Inmate Data, ECF 15-2 at 3.)

By 2021, the BOP was housing Petitioner at FCI McDowell, located in West Virginia. The BOP can, in its discretion, "prerelease" inmates to a Residential Reentry Center ("RRC") or home confinement as they approach the end of their sentences. The BOP exercised that discretion in Petitioner's case and, in July 2021, it designated him to an RRC in Pittsburgh, Pennsylvania. When Petitioner did not arrive at the RRC in a timely manner, BOP staff at FCI McDowell issued an incident report charging him with "Escape" in violation of Code 102 of its inmate discipline program. As a result, on July 28, 2021, Petitioner was detained by the United States Marshal Service ("USMS") and transferred to a USMS facility, which at the time was the Allegheny County Jail. (*Id.*)

Around four months later, in November 2021, Petitioner filed the Amended Petition with this Court under 28 U.S.C. § 2241. (ECF 3.) He claimed that the BOP was illegally detaining him in the Allegheny County Jail. In support, he asserted the BOP disciplinary proceeding related to the July 2021 incident report did not provide him with the process due to him in accordance with *Wolff v. McDonnell,* 418 U.S. 539 (1974) and BOP Program Statement 7300.09, Community Corrections Manual. As relief, Petitioner sought an order from this Court directing that he be released from jail.

Respondent[2] answered the Amended Petition on March 16, 2022. (ECF 15). By that date, Petitioner was being held at Butler County Jail pending return to FCI McDowell by the USMS

---

[2] Respondent is represented by counsel with the office of the United States Attorney for Western District of Pennsylvania. Counsel from this office typically represent the respondent in § 2241 habeas actions filed by federal prisoners who are confined within the Western District of Pennsylvania.

transfer. Respondent explained that the incident report at issue in this case was expunged around February 14, 2022, and that Petitioner was not sanctioned. As a result, Respondent contended, the Amended Petition was moot. (Resp's Ex. 1D, Chronological Disciplinary Record, ECF 15-5 at 2.)

Petitioner filed a reply (ECF 17) which was docketed with the Court on April 20, 2022. He explained that he was recently transferred to the Mahoning County Jail, located in Youngstown, Ohio. Petitioner contended that his Amended Petition was not moot because the BOP should have reinstated his designation to the RRC once the incident report was expunged but did not do so. Petitioner asserted that he was entitled to an order from this Court that directed that he be immediately released from BOP custody. Additionally, he contended that he was entitled to $6,750 in compensatory damages and $2,500,000 in punitive damages. (ECF 17 at 6.)

Five days later, on April 25, 2002, Respondent filed a Notice of Suggestion of Mootness. (ECF 21.) Respondent explained that Petitioner had completed service of his federal sentence on April 21, 2022 and was released from BOP custody on that date. (Resp's Ex. 1, 4/25/22 Decl. of Christina Clark, ECF 21-1 at 1.) Thus, Respondent contended, the Amended Petition is now moot because Petitioner is no longer serving his federal sentence or otherwise in the custody of the BOP.[3]

## II.   Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 "confers habeas

---

[3] Petitioner has not recently updated his address of record. As explained above, in March 2022 he informed the Court that he was being held at the Mahoning County Jail. That jail's inmate locator, which is available online at http://pii.mahoningcountyoh.gov/, indicates that Petitioner is no longer at that facility.

jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence.*" *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (emphasis added); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

Federal inmates in the Third Circuit can typically raise two types of claims in a § 2241 petition. The first is a petition that challenges conduct by the BOP that affects the duration of the prisoner's custody. For example, a prisoner can challenge in a § 2241 habeas proceeding the manner in which the BOP is computing his federal sentence, *see, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *see, e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). The second type of claim is one that challenges BOP conduct that the prisoner contends "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *McGee v. Martinez*, 627 F.3d 933, 935-37 (3d Cir. 2010); *Woodall*, 432 F.3d at 243. In all cases, the petitioner must show that the BOP is detaining him in violation of the Constitution, federal law, or the sentencing judgment, and not merely that he disagrees with a BOP decision that is within its discretion to make. *See, e.g.*, *Burke v. Meeks*, No. 1:14-cv-204, 2015 WL 1296039, at *4 (W.D. Pa. Mar. 23, 2015) (citing 28 U.S.C. § 2241(c)(3) and *Marshall v. Lansing*, 839 F.2d 933, 949-50 (3d Cir. 1988)).

The Court will assume without deciding that Petitioner raised a cognizable claim for § 2241 habeas relief in the Amended Petition. The Court will do so because Respondent is correct that, even if he raised a cognizable claim, the Amended Petition is now moot. It is a well-established principle that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7

(1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel*, 729 F.3d at 280.

Because Petitioner has completed service of his federal sentence, the Amended Petition is now moot.[4] There is simply no longer any relief that this Court can provide to him. Although Petitioner in his reply asserted that he also is seeking compensatory and punitive damages, this type of relief is unavailable in a habeas proceeding. *Marine v. Quintana*, 347 F. App'x. 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

In conclusion, because there is no case or controversy for this Court to consider, the Court will deny the Amended Petition because it is moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); s*ee, e.g.*, *Latham v. Warden of FCI McKean*, No. 1:19-cv-154, 2021 WL 3572822, at *3 (W.D. Pa. June 29, 2021) (dismissing as moot former federal

---

[4] In fact, the Amended Petition became moot in February 2021 when the BOP expunged Petitioner's incident report. That is because (1) the expungement eliminated the risk that Petitioner would lose good conduct time as a result of the allegedly unlawful disciplinary proceeding, and (2) the Court had no authority to order the BOP to redesignate Petitioner to an RRC, since in this case the decision whether to house Petitioner at a correctional institution or at an RRC was a discretionary decision to be made by the BOP.

prisoner's § 2241 habeas petition because "the record clearly demonstrates that the disciplinary sanction at issue was applied to the term of incarceration that Petitioner completed.") report and recommendation adopted, 2021 WL 3563271 (W.D. Pa. Aug. 12, 2021); *Howell v. Zuniga*, No. 1:17-cv-112, 2018 WL 3470099, at *1 (W.D. Pa. June 27, 2018) (habeas petition challenging the way the BOP computed inmate's sentence became moot upon his release from BOP custody), report and recommendation adopted, 2018 WL 3468699 (W.D. Pa. July 18, 2018).

### III.     Conclusion

Based on all of the foregoing, the Court will deny the Amended Petition (ECF 3) because it is moot.[5]

An appropriate Order follows.


Dated: May 2, 2022                            /s/ Patricia L. Dodge
                                              PATRICIA L. DODGE
                                              United States Magistrate Judge

---

[5] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). Since Petitioner was being held at the Allegheny County Jail on a detainer issued by the United States Marshals Service, no certificate of appealability determination is required in this case.